

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

APR - 6 2006

FILED

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Elena Katz

    v.                                  Civil No. 05-cv-463-JD

Kris A. Menzie, et al.

## REPORT AND RECOMMENDATION

Before the Court is Elena Katz's *pro se* complaint against the Timberlane Regional School District ("TRSD"), School Administrative Unit #55 ("SAU 55"), and a number of employees of the TRSD and SAU 55 (document no. 1). In this action, Katz alleges that the defendants have violated her disabled minor daughter's rights under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. 791, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000, et seq., and 42 U.S.C. § 1983. As explained fully herein, I find that Katz has not exhausted her administrative remedies as required to assert the claims in this action, and I therefore recommend that the court dismiss this action in its entirety.

### Standard of Review

Under this Court's local rules, when a plaintiff commences an action both *pro se* and *in forma pauperis*, the magistrate judge

is directed to conduct a preliminary review and to prepare a

report and recommendation advising the District Judge whether the

complaint or any portion thereof should be dismissed because:

> the allegation of poverty is untrue, the action is
> frivolous, malicious, or fails to state a claim upon
> which relief may be granted, or seeks monetary relief
> from a defendant who is immune from such relief under 28
> U.S.C. § 1915(e)(2); or it fails to establish subject
> matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

United States District Court for the District of New Hampshire

Local Rule 4.3(d)(1)(B).   In conducting the preliminary review,

the Court construes pro se pleadings liberally.   See Ayala

Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990)

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe

pro se pleadings liberally in favor of the pro se party).   "The

policy behind affording pro se plaintiffs liberal interpretation

is that if they present sufficient facts, the court may intuit

the correct cause of action, even if it was imperfectly pled."

Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert.

denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions

made by the plaintiff and inferences reasonably drawn therefrom

must be accepted as true.   See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996) (stating the "failure to state a claim" standard

2

of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This

review ensures that *pro se* pleadings are given fair and

meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843

F.2d 46, 49 (1st Cir. 1988).  Applying this standard, I find the

facts as follows.

<u>Background</u>[1]

---

[1]I must note at this point that while I am obligated to
construe the pleading liberally, the complaint is almost entirely
unreadable due to typographical errors, erroneously placed words
and inexplicable word choices.  I cite the following excerpts
from the complaint as examples:

¶33-D: "tot OEPO imenentauoin provision pouf Face since at
least Ferrate 2002."
¶37: "The par met were cones rend that all the works ales
sent hoe war undated, ... world sales defendant menses acted do
not date works alsike do ..."
¶41: "...once ageism inelegantly withes and ... Refuse to
provide with any instruction in teadinbf."
¶56: "...mad educational neglect of the didavleforce spew."
¶61: "Plaintoff request for private procumbent were refuse,
Related serviceman dimlem,emdtatioponm Jan-Nov-Jan 2004, Provide
placement was denied Requites for the rehearing commendatory
educations was denied pervaded placements Eleonora attended mad
was admitted ... demised pelcemendt,m continue to be subjected to
harms districted."
¶66: "...the banged of educational setting dorm spew to
regular."
¶73: "...then retesting them in Terri Nova at the end of the
Yeti."

Accordingly, my findings and recommendations are based on the
claims asserted in the complaint as nearly as they can be
deciphered.  Plaintiff should note that Fed. R. Civ. P. 8

Elena Katz files this action in the stead of her disabled daughter, Eleonora, alleging that the TRSD, SAU 55, and employees thereof, have failed to provide Eleonora with the free and adequate public education to which she is entitled as a child with a disability.  Eleonora is in the eighth grade at Timberlane Middle School.  Eleonora has a non-verbal learning disability that affects her ability to learn math, as well as juvenile diabetes, and Attention Deficit Hyperactivity Disorder.  Katz alleges various violations of Eleonora's rights, including, among other things, failure to provide Eleonora with the following services: an appropriate placement, one-on-one tutoring, grade-appropriate materials, and safe medical care.  Katz further alleges that the defendants have taken improper administrative

actions which have adversely impacted her daughter's educational rights.

Katz has litigated, and continues to litigate, a number of

---

requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While I will review this complaint as is, it comes very close to being so unreadable as to, simply by virtue of its illegibility, fail to state a claim upon which relief might be granted.

4

these issues in another case pending in this Court.  See G., et al v. Timberlane Reg'l Sch. Dist., Civ. No. 04-188-PB.  It appears that the claims raised in this complaint are similar, if not identical, to the claims raised in G., but the claims in the present complaint include incidents that have occurred since the filing of the complaint in G..

Katz alleges that all of the incidents alleged to have occurred prior to May 21, 2004 have been exhausted by the administrative proceedings appealed to this Court in G., and that incidents that have occurred since that time have not been exhausted.  Katz claims that exhaustion would be futile due to the positions taken and decisions made by the defendants in previous administrative hearings regarding Eleonora's education, and because this action seeks monetary relief, which is not an available remedy through the administrative hearings process.

## Discussion

The "IDEA is a comprehensive education statute which seeks to ensure that children with disabilities receive 'a free appropriate public education ... designed to meet their unique needs.'"  Rose v. Yeaw, 214 F.3d 206, 209 (1st Cir. 2000) (quoting 20 U.S.C. § 1400(d)(1)(A)).  IDEA requires state and

local agencies receiving federal funds to "establish and maintain procedures ... to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education by such agencies." 20 U.S.C. § 1415(a); see also Honig v. Doe, 484 U.S. 305, 310-12 (1988). Parents who believe that their disabled children are not being properly served by these agencies as required by the IDEA may present a complaint to the state or local educational agency who will grant them an impartial due process hearing. 20 U.S.C. §§ 1415(b)(6) & 1415(f)(1). The scope of such a hearing is broad, encompassing "complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). If, after a due process hearing, a parent is dissatisfied with the result, he or she may file a civil action in either state or federal court. 20 U.S.C. § 1415(i)(2)(A).

"Before filing suit, however, the IDEA mandates that plaintiffs exhaust administrative remedies through the due process hearing." Rose, 214 F.3d at 210; see also Rafferty v. Cranston Pub. Sch. Comm., 315 F.3d 21, 25 (1st Cir. 2002);

Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002).

Exhaustion is required even when the action is brought under a

different statute, such as the Rehabilitation Act, the ADA, or §

1983, so long as the party is seeking relief that is available

under the IDEA.  Id.  Section 1415(l) states that:

> Nothing in this chapter shall be construed to
> restrict or limit the rights, procedures, and
> remedies available under the Constitution, the
> Americans with Disabilities Act of 1990, title V of
> the Rehabilitation Act of 1973, or other Federal
> laws protecting the rights of children with
> disabilities, except that before the filing of a
> civil action under such laws seeking relief that is
> also available under this subchapter, the
> procedures under subsections (f) and (g) of this
> section shall be exhausted to the same extent as
> would be required had the action been brought under
> this subchapter.

20 U.S.C. § 1415(l).  Therefore, plaintiff must demonstrate that

she has exhausted her administrative remedies available under the

IDEA claims for all of the federal statutory claims brought in

this action.

Katz claims that she should be excepted from the IDEA's

exhaustion requirement because such exhaustion would be futile.

Katz claims that prior administrative hearings regarding

Eleonora's education have not resulted in decisions in her favor

and therefore, participation in new administrative hearings

7

regarding similar facts and circumstances will not bring any different result.  Further, Katz claims that she seeks monetary damages in this action, a remedy that is not available in the administrative hearings, and therefore, exhaustion of her claims through administrative processes would be futile.

A plaintiff can be excused from the exhaustion requirement if she "can show that the agency's adoption of an unlawful general policy or practice would make resort to the agency futile, or that the administrative remedies afforded by ... IDEA are inadequate given the relief sought."  Rafferty, 315 F.3d at 25 (citing Weber v. Cranston Sch. Comm., 212 F.3d 41, 49 (1st Cir. 2000)).  The burden is on the plaintiff to demonstrate that an exception to the exhaustion requirement applies.  Rose, 214 F.3d at 211; see also Honig, 484 U.S. at 327.  Here, Katz has not demonstrated that she can meet any of the exceptions to the exhaustion requirement.

As to the claim that exhaustion would be futile based on the defendants' past decisions regarding Eleonora, Katz has not pointed to any evidence indicating that the agencies adopted or applied any "unlawful general policy or practice" that would render exhaustion futile as to any claims Eleonora or her parents

8

might bring after the complaint in <u>G.</u> was filed.  Absent a showing that such a general unlawful policy prevented a hearing officer from awarding relief, Katz cannot show that exhaustion is futile.  <u>Rafferty</u>, 315 F.3d at 25.

To the extent that Katz claims exhaustion would be futile because she cannot recover money damages at an administrative hearing, this Circuit has held that "plaintiffs who bring an IDEA-based claim under 42 U.S.C. § 1983, in which they seek only money damages, must exhaust the administrative process available under the IDEA as a condition precedent to entering a state or federal court."  <u>Frazier</u>, 276 F.3d at 64.  Accordingly, Katz's request for money damages does not excuse her from the necessity of exhausting her claims administratively prior to filing suit in this Court.

Exceptions to the exhaustion requirement are available in situations where exhaustion will result in severe harm to a litigant, or where the agency has prevented the litigant from pursuing the administrative process.  <u>Rose</u>, 214 F.3d at 210-11 (internal citations omitted).  However, Katz has neither attempted to assert claims under these exceptions nor has she

demonstrated facts that would support a finding that she is

excepted from the exhaustion requirement in this case.

## Conclusion

For the reasons discussed herein, I find that Katz has not

exhausted the necessary administrative remedies available to her

to allow her suit to proceed here at this time.  Further, I find

that Katz has not demonstrated that she is entitled to be excused

from the exhaustion requirement of 20 U.S.C. § 1415(l).

Accordingly, I recommend that this action be dismissed in its

entirety.  Any objections to this Report and Recommendation must

be filed within ten (10) days of receipt of this notice.  Failure

to file objections within the specified time waives the right to

appeal the district court's order.  See Unauthorized Practice of

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United

States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:     April  6 , 2006

cc:       Elena Katz, pro se